# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAWAAD NASH, | : | Civil No. 3:16-cv-762 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Jawaad Nash ("Nash"), a federal inmate incarcerated at the United States Penitentiary at Allenwood, White Deer, Pennsylvania. Preliminary review of the petition has been undertaken, *see* R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.[2]

## I.   Background

On April 22, 2009, a grand jury in the United States District Court for Western District of North Carolina indicted Nash and fourteen co-defendants with various drug and firearms

---

[1]   Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the Court. *Id.* at R.1(b).

[2]   Nash requests that the Court transfer this action to the sentencing court. (Doc. 1 at 10). However, the Court will dismiss the instant petition without prejudice to Nash's ability to take any action he deems appropriate under 28 U.S.C. § 2255.

charges. *United States v. Nash*, Criminal No. 3:09-cr-39 (W.D. N.C.) at (Docs. 3, 114). On

June 5, 2009, the Government filed an Information in accordance with 21 U.S.C. § 851,

indicating that they intended to seek an enhanced sentence based on Nash's prior felony

drug convictions. *Id.* at (Doc. 151). On June 9, 2009, Nash pled guilty, pursuant to a

written plea agreement, to one count of conspiracy to distribute and possess with intent to

distribute one or more controlled substances, and four counts of conspiracy to commit

robbery affecting interstate commerce. *Id.* at (Docs. 144, 154). The North Carolina District

Court summarized the terms of Nash's plea agreement as follows:

> In the plea agreement, Petitioner explicitly acknowledged that he was subject
> to an enhanced sentence because of the Government's Section 851 notice,
> but the Government agreed to withdraw one of the two prior convictions, with
> Petitioner acknowledging that he faced a sentence of at least 20 years in
> prison but not more than life in prison. Petitioner also stipulated that he was
> responsible for more than 50 grams of crack, that he should receive a
> two-level enhancement to his offense level because of his role in the offense
> as supervisor or manager, and that he should receive a two-level
> enhancement because he possessed a firearm in connection with the
> drug-trafficking conspiracy. Finally, Petitioner agreed, "in exchange for the
> concessions made by the United States in [the] plea agreement," Petitioner
> "waive[d] all rights to appeal or collaterally attack the sentence of conviction,"
> with the exception of claims based on ineffective assistance of counsel or
> prosecutorial misconduct.

*Nash v. United States*, 2013 WL 787350, at *1 (W.D. N.C. 2013) (citations omitted).

On August 26, 2010, Nash was sentenced to 330 months' imprisonment. *United*

*States v. Nash*, Criminal No. 3:09-cr-39 (W.D. N.C.) at (Doc. 439). Nash appealed his

sentence and argued that his prior convictions did not constitute "felony drug offenses" for

purposes of 21 U.S.C. § 851. *Id.* at (Doc. 467). The Fourth Circuit Court of Appeals dismissed the appeal and concluded that Nash's "waiver of his right to appeal his convictions and sentence was knowing and intelligent." (*Id.* at Doc. 599, p. 3). *See also United States v. Nash*, 449 F. App'x 282, 283 (4th Cir. 2011).

On June 30, 2012, Nash filed a motion for reduction of sentence. *United States v. Nash*, Criminal No. 3:09-cr-39 (W.D. N.C.) at (Doc. 651). On July 16, 2012, the Western District of North Carolina granted Nash's motion for reduction of sentence and reduced his sentence from 330 months to 324 months. *Id.* at (Doc. 665).

Nash also filed a motion to vacate pursuant to 28 U.S.C. § 2255, arguing that his sentence was improperly enhanced in violation of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), that he should have been sentenced in accordance with the statutory ranges as modified by the Fair Sentencing Act, and that his trial counsel was ineffective. *Id.* at (Doc. 638). On March 1, 2013, the Western District of North Carolina dismissed the § 2255 petition and declined to issue a certificate of appealability. *Id.* at (Doc. 698). Nash filed an appeal to the Fourth Circuit Court of Appeals. *United States v. Nash*, 538 F. App'x 362 (4th Cir. 2013). On August 28, 2013, the Fourth Circuit Court of Appeals denied a certificate of appealability. *Id.*

Nash then filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) seeking review of the District Court's dismissal of his § 2255 motion to

vacate. *Nash v. United States*, 2014 WL 3670722 (W.D. N.C. 2014). The District Court

construed the motion as an unauthorized, successive petition under § 2255. *Id.* On July

22, 2014, the petition was dismissed as a successive motion filed without permission from

the Fourth Circuit Court of Appeals. *Id.* Nash filed an appeal to the Fourth Circuit Court of

Appeals. *United States v. Nash*, 590 F. App'x 250 (4th Cir. 2015). On January 23, 2015,

the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the

appeal. *Id.* Additionally, the Court of Appeals construed Nash's notice of appeal as an

application to file a second or successive § 2255 motion, and denied authorization to file a

successive § 2255 motion. *Id.* On August 10, 2015, Nash filed a motion for reconsideration

"for relief from the Order and Judgment denying Motion attaching sentence pursuant to 28

U.S.C. § 2255." *United States v. Nash*, Criminal No. 3:09-cr-39 (W.D. N.C.) at (Doc. 802).

The District Court denied the motion as an unauthorized, successive petition, and declined

to issue a certificate of appealability. *Id.* at (Doc. 831).

On September 24, 2015, Nash filed another motion for reduction of sentence. *Id.* at

(Doc. 815). On December 2, 2015, the Western District of North Carolina granted the

motion for reduction of sentence and reduced Nash's sentence from 324 months to 262

months. *Id.* at (Doc. 826).

Nash filed the instant petition on May 6, 2016. (Doc. 1). He argues that his

sentence should be reduced based on the recent United States Supreme Court case of

*Johnson v. United States*, — U.S. — , 135 S.Ct. 2551 (2015) (finding that an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violated the Constitution).  (Doc. 1 at 8).  Specifically, Nash requests that the Court reduce his sentence to 120 months.  (*Id.*).

## II.    Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255(h); 28 U.S.C. § 2244(3)(A).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention.  *See* 28 U.S.C. § 2255(e); *OKereke*, 307 F.3d at 120 (explaining that this exception is extremely narrow).  Section 2255 may be inadequate or ineffective when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered

noncriminal by an intervening Supreme Court decision." *Dorsainvil*, 119 F.3d at 251-52.

Conversely, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing

court does not grant relief, the one-year statute of limitations has expired, or the petitioner is

unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v.*

*United States*, 290 F.3d 536, 539 (3d Cir. 2002) (citations omitted); *see also United States*

*v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251. "If a prisoner

attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas

petition must be dismissed for lack of jurisdiction." *Id.*, *citing Application of Galante*, 437

F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive

forum for challenge to the validity of a conviction and sentence."). *See also United States v.*

*Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (observing that "federal courts have long

recognized that they have an obligation to look behind the label of a motion filed by a *pro se*

inmate and determine whether the motion is, in effect, cognizable under a different remedial

statutory framework").

In the instant petition, Nash asserts that his remedy under 28 U.S.C. § 2255 is

inadequate or ineffective. (Doc. 1 at 5). He states that the Western District of North

Carolina "would not give [him] relief to attack [his] actual conviction because he waived his

rights to attack his sentence and conviction." (*Id.*). In support of his argument, Nash relies

on the recent United States Supreme Court case of *Johnson*. (Doc. 1 at 8). In *Johnson*,

the United States Supreme Court held that the "residual claims" of the Armed Career

Criminal Act violates the Constitution's guarantee of Due Process due to vagueness.

*Johnson*, 135 S.Ct. at 2563.  Nash pleads that the Hobbs Act robbery charge fails to qualify

as a crime of violence and the residual clause of § 924(c)(3)(B) is unconstitutionally vague

under *Johnson*, the § 851 sentencing enhancement does not apply, and the waiver in his

plea agreement should not apply based on *Johnson*.  (Doc. 1 at 6-8).  Because Nash is

ultimately challenging his conviction and sentence, his claims are controlled by 28 U.S.C. §

2255.  *See Wallace v. Bledsoe*, No. 1:1-cv-132, 2011 WL 766641, * 3 (M.D. Pa. 2011)

(Jones, J.) (finding that the petitioner's claim that a prior conviction was improperly used to

enhance his sentence must be brought by way of section 2255); *Pryce v. Scism*, Civil No.

1:10-cv-1680, 2011 WL 41883, *4 (M.D. Pa. 2011) (Jones, J.) (concluding that section

2255, not section 2241, is the appropriate section to address Pryce's claim, that he is

actually innocent of being a career criminal because his prior state convictions should not

have been considered to enhance his current federal sentence, and explaining that

innocence of a sentence enhancement is not the same as actual innocence of the

underlying criminal offense such that the remedy afforded by section 2255 would be

inadequate or ineffective).  Accordingly, the instant petition is subject to dismissal.

Nash also attempts to utilize section 2241 by arguing that he is actually innocent of

the 21 U.S.C. § 851 enhanced sentence.  (Doc. 1 at 2).  However, innocence of a sentence

7

enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by § 2255 would be inadequate or ineffective. *See United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (*per curiam*) (stating "[w]e have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender."); *see also Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (finding "Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply.").

Moreover, it does not appear that Nash filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence asserting that he was wrongfully sentenced in light of *Johnson v. United States. See United States v. Nash*, Criminal No. 3:09-cr-39 (W.D. N.C.). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

## III.  Conclusion

For the reasons set forth above, the Court lacks jurisdiction to consider the habeas

8

petition. Therefore, the petition will be dismissed. Notably, dismissal will be without

prejudice to Nash's ability to take any action he deems appropriate under § 2255 to

preserve and present his issues in a second or successive motion to vacate, set aside, or

correct his sentence. An appropriate order shall issue.

Date: July __7__, 2016

Robert D. Mariani
United States District Judge